IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL A. HOWL,

    Plaintiff,

  v.

BANK OF AMERICA, N.A.; BAC HOME LOANS SERVICING, LP; PRLAP, INC.; and RECONTRUST COMPANY, N.A.,

    Defendants.

No. C 11-0887 CW

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (Docket No. 20)

    Pro se Plaintiff Michael A. Howl alleges that Defendants Bank of America, N.A.; BAC Home Loans Servicing, LP; PRLAP, Inc.; and ReconTrust Company, N.A., committed fraud with respect to a loan he obtained. Defendants move to dismiss Plaintiff's claims. Plaintiff opposes the motion. The motion was decided on the papers. Having considered the papers submitted by the parties, the Court GRANTS Defendants' motion to dismiss.

BACKGROUND

    On or about August 25, 2007, Plaintiff allegedly obtained a loan for $1.5 million to purchase property located at 288 Love Lane in Danville, California. Bank of America, Plaintiff's lender, allegedly failed to explain clearly the terms of his promissory note and deed of trust, but nevertheless asked him to sign these documents. Plaintiff maintains that he was "confused and puzzled by the lack of explanations." Compl. ¶ 18.[1] Thereafter, during

---

[1] Plaintiff's complaint is nearly identical to the complaints filed in Gilbert v. World Savings Bank, Case No. 10-05162 WHA (N.D. Cal.) and Miller v. Washington Mutual Bank FA, Case No. 10-5787 WHA

1  the life of the loan, Defendants allegedly "failed to properly
2  credit payments made, incorrectly calculated interest on the
3  accounts, and have failed to accurately debit fees." Id. ¶ 37.
4  Plaintiff also alleges that there has been "a severance of the
5  ownership and possession of the original Note and Deed of Trust."
6  Id. ¶ 26.
7      Plaintiff asserts claims for "misrepresentation and fraud;"
8  "rescission and restitution of voidable cognovit note;" "injunction
9  against wrongful foreclosure based on cognovit note;" violation of
10 California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code
11 §§ 17200, et seq.; and violation of the federal Racketeer
12 Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C.
13 § 1962(c).  He filed his action in Contra Costa Superior Court on
14 January 21, 2011.  Defendants Bank of America, N.A.; BAC Home Loans
15 Servicing, L.P.; and ReconTrust Company, N.A. removed Plaintiff's
16 action to federal court on February 24, 2011.

                              LEGAL STANDARD

18     A complaint must contain a "short and plain statement of the
19 claim showing that the pleader is entitled to relief."  Fed. R.
20 Civ. P. 8(a).  When considering a motion to dismiss under Rule
21 12(b)(6) for failure to state a claim, dismissal is appropriate
22 only when the complaint does not give the defendant fair notice of
23 a legally cognizable claim and the grounds on which it rests.
24 Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In
25 considering whether the complaint is sufficient to state a claim,

---

(N.D. Cal.).  His opposition brief resembles the one filed in
Miller.

2

the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009) (citing Twombly, 550 U.S. at 555).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990). In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).

## DISCUSSION

Defendants first argue that Plaintiff's claims that challenge the impending foreclosure sale are subject to California's so-called tender rule. Under the rule, a plaintiff seeking to challenge the lawfulness of a foreclosure sale must first allege tender of the amount of the secured indebtedness. Abdallah v. United Sav. Bank, 43 Cal. App. 4th 1101, 1109 (1996) (citing FPCI RE-HAB 01 v. E & G Investments, Ltd., 207 Cal. App. 3d 1018, 1021-22 (1989)); Smith v. Wachovia, 2009 WL 1948829, at *3 (N.D. Cal.). Without pleading tender or the ability to offer tender, a plaintiff cannot state a cause of action related to challenging a foreclosure

3

sale. Karlsen v. Am. Sav. & Loan Ass'n, 15 Cal. App. 3d 112, 117 (1971) (citing Copsey v. Sacramento Bank, 133 Cal. 659, 662 (1901)); Smith, 2009 WL 1948829, at *3 (citing Karlsen). Here, a foreclosure sale has not yet occurred. Defendants identify no authority requiring Plaintiff, under these circumstances, to allege tender to assert his claims in such circumstances. See Silva-Pearson v. BAC Home Loans Servicing, LP, 2011 WL 2633406, at *2 (N.D. Cal.) (rejecting defendants' argument that tender rule applied to plaintiff's claims in the absence of a foreclosure sale). Alicea v. GE Money Bank, 2009 WL 2136969 (N.D. Cal.), does not support Defendants' position. In that case, a foreclosure sale had occurred before the plaintiff brought suit. Id. at *1. Thus, the tender rule does not require dismissal of Plaintiff's claims. Defendants' remaining arguments are considered below.

I.  Misrepresentation and Fraud Claim

Plaintiff brings claims for misrepresentation and fraud based on Bank of America's conduct at the time he executed his loan documents in August 2007. He also alleges that, during the life of the loan, Defendants committed fraud by improperly crediting payments he made and incorrectly calculating the interest applied to his loan.

Defendants argue that this claim is time-barred. They cite California Code of Civil Procedure section 338(d), which imposes a three-year limitations period on claims based "on the ground of fraud or mistake," except that such claims are "not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." Much of the conduct of which

4

1  Plaintiff complains occurred in August 2007, outside of the
2  limitations period.  Plaintiff insists that he nevertheless may
3  seek liability for this alleged misconduct because he did not
4  discover it until June 2009.  However, he fails to plead any facts
5  explaining his discovery.  To invoke the delayed discovery rule,
6  Plaintiff must "specifically plead facts to show (1) the time and
7  manner of discovery <u>and</u> (2) the inability to have made earlier
8  discovery despite reasonable diligence."  <u>E-Fab, Inc. v.</u>
9  <u>Accountants, Inc. Servs.</u>, 153 Cal. App. 4th 1308, 1324 (2007)
10 (emphasis in original; citation and internal quotation marks
11 omitted).  Thus, to the extent that Plaintiff's misrepresentation
12 and fraud claim is based on conduct that occurred outside of the
13 limitations period, it must be dismissed.  He is granted leave to
14 amend to plead facts supporting application of the delayed
15 discovery rule.

16      Additionally, this claim must be dismissed because Plaintiff
17 fails to plead facts with particularity, as required by Federal
18 Rule of Civil Procedure 9(b).  Under California law, "[t]he
19 elements of fraud, which gives rise to the tort action for deceit,
20 are (a) misrepresentation (false representation, concealment, or
21 nondisclosure); (b) knowledge of falsity (or 'scienter'); (c)
22 intent to defraud, <u>i.e.</u>, to induce reliance; (d) justifiable
23 reliance; and (e) resulting damage."  <u>Small v. Fritz Cos., Inc.</u>, 30
24 Cal. 4th 167, 173 (2003) (quoting <u>Lazar v. Superior Court</u>, 12 Cal.
25 4th 631, 638 (1996)).  "In all averments of fraud or mistake, the
26 circumstances constituting fraud or mistake shall be stated with
27 particularity."  Fed. R. Civ. Proc. 9(b).  The allegations must be
28                                  5

"specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985). Statements of the time, place and nature of the alleged fraudulent activities are sufficient, id. at 735, provided the plaintiff sets forth "what is false or misleading about a statement, and why it is false." In re GlenFed, Inc., Secs. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994). Scienter may be averred generally, simply by saying that it existed. Id. at 1547; see Fed. R. Civ. Proc. 9(b) ("Malice, intent, knowledge, and other condition of mind of a person may be averred generally"). Allegations of fraud based on information and belief usually do not satisfy the particularity requirements of Rule 9(b); however, as to matters peculiarly within the opposing party's knowledge, allegations based on information and belief may satisfy Rule 9(b) if they also state the facts upon which the belief is founded. Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1439 (9th Cir. 1987).

Plaintiff argues that he is entitled to a relaxed application of Rule 9(b) because Defendants have his original loan documents. This argument is not persuasive. Part of his claim rests on Defendants' alleged concealment of material information regarding his loan's terms. These terms, however, are discussed in documents that apparently bear his signature. See, e.g., Defs.' Request for

6

Judicial Notice (RJN), Ex. B at 14.[2]  It is within Plaintiff's knowledge as to how Defendants obfuscated or prevented him from discovering this information at the time he executed his loan documents; however, he fails to plead how they did so.  Plaintiff's claim is also based in part on Defendants' alleged fraudulent conduct with respect to the application of his loan payments and the interest they charged.  He does not, however, plead any statements made by Defendants that form the basis of this fraud.

Accordingly, Plaintiff's misrepresentation and fraud claim is dismissed with leave to amend.  In any amended pleading, Plaintiff must allege facts that support application of the delayed discovery rule.  Additionally, he must aver "the who, what, when, where, and how" of Defendants' purported fraudulent concealment of his loan's terms, which appeared on documents he apparently signed, and of Defendants' alleged fraud concerning the application of his payments and calculation of interest.  <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1106 (9th Cir. 2003).

II.  Claim for Rescission and Restitution

Plaintiff brings a claim for "rescission and restitution of

---

[2] Plaintiff opposes Defendants' request for judicial notice, asserting that Defendants have failed to submit originals of the documents.  There is no requirement that Defendants proffer originals in order to obtain judicial notice.  Plaintiff also asserts that the documents "could have been altered or changed" without his knowledge.  Opp'n at 2:4.  He does not contend, however, that there are any actual changes to the documents, nor does he contest that his signature appears on some of them.  Accordingly, the Court takes judicial notice of the fact that the adjustable rate note and deed of trust for Plaintiff's August 2007 loan bear a signature that appears above a line intended for Plaintiff's signature.  <u>See</u> Fed. R. Evid. 201.

7

voidable cognovit note."[3]  Although not altogether clear, it appears that Plaintiff seeks rescission of his loan agreement because it contained cognovit clauses that Defendants did not disclose and for which Defendants did not provide adequate consideration.  Based upon this rescission, Plaintiff apparently seeks restitution of monies paid under the loan agreement.

    Defendants argue that California Code of Civil Procedure section 338(d) also bars this claim.  However, California Code of Civil Procedure section 337(3), not section 338(d), applies.  Section 337(3) imposes a four-year limitations period on an "action based upon the rescission of a contract in writing."  This section also contains a delayed discovery provision, stating that where "the ground for rescission is fraud or mistake, the time does not begin to run until the discovery by the aggrieved party of the facts constituting the fraud or mistake."  Cal. Civ. Proc. Code § 337(3).  Hatch v. Collins, 225 Cal. App. 3d 1104 (1990), does not concern rescission based on fraud or address section 337(3), and does not support Defendants' position.  Because this claim was asserted within the four-year limitations period, it is not time-barred.

    Plaintiff, however, does not adequately state this claim.  The fraud allegations on which it is based, as explained above, do not

---

[3] A "cognovit note" contains provisions that attempt, in advance of any legal controversy, to authorize the entering of judgment without notice and hearing.  Isbell v. Cnty. of Sonoma, 21 Cal. 3d 61, 76 (1978).  Without factual support, Plaintiff's assertion that his deed of trust was a cognovit note is a legal conclusion that need not be taken as true.  See Iqbal, 129 S. Ct. at 1949-50.

satisfy Rule 9(b)'s pleading requirements. Indeed, Plaintiff does not identify the provisions he contends are cognovit clauses.

Thus, for the reasons stated above, this claim must be dismissed.

III. Claim for Injunctive Relief

Plaintiff brings a claim for injunctive relief against a wrongful foreclosure, which he bases on a litany of state causes of action and federal statutes. Because the Love Lane property has not yet been sold at a foreclosure sale, this appears to be a request for a preliminary injunction. Defendants argue that Plaintiff fails to make the showing necessary to obtain preliminary injunctive relief.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374 (2008). Alternatively, "a preliminary injunction could issue where the likelihood of success is such that serious questions going to the merits were raised and the balance of hardships tips sharply in plaintiff's favor," so long as the plaintiff demonstrates irreparable harm and shows that the injunction is in the public interest. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011) (citation and internal quotation and editing marks omitted). Plaintiff did not respond to Defendants' argument that he did not meet the requirements set forth by Winter and its progeny. Accordingly,

9

Plaintiff's request for a preliminary injunction is denied.

IV. UCL Claim

California's Unfair Competition Law (UCL) prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. The UCL incorporates other laws and treats violations of those laws as unlawful business practices independently actionable under state law. Chabner v. United of Omaha Life Ins. Co., 225 F.3d 1042, 1048 (9th Cir. 2000). Violation of almost any federal, state or local law may serve as the basis for a UCL claim. Saunders v. Superior Court, 27 Cal. App. 4th 832, 838-39 (1994). In addition, a business practice may be "unfair or fraudulent in violation of the UCL even if the practice does not violate any law." Olszewski v. Scripps Health, 30 Cal. 4th 798, 827 (2003). Claims under the UCL must be brought "within four years after the cause of action accrued." Cal. Bus. & Prof. Code § 17208.

Plaintiff's UCL claim is based on Defendants' alleged fraudulent conduct. As already stated, Plaintiff fails to allege fraud with sufficient particularity. Accordingly, Plaintiff's UCL claim is dismissed with leave to amend.

V. RICO Claim

"To state a claim under § 1962(c), a plaintiff must allege '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" Odom v. Microsoft Corp., 486 F.3d 541, 547 (9th Cir. 2007) (quoting Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985)). Defendants argue that Plaintiff fails to allege a RICO enterprise and a pattern of racketeering. Plaintiff

10

did not respond to Defendants' argument. Accordingly, Plaintiff's RICO claim is dismissed with leave to amend to plead facts demonstrating a RICO enterprise and a pattern of racketeering activity.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss. (Docket No. 20.) The Court's holdings are summarized as follows:

1. Plaintiff's misrepresentation and fraud claim is dismissed for failure to plead in accordance with Rule 9(b). To the extent the claim concerns conduct outside of the limitations period, it is dismissed as time-barred. Plaintiff is granted leave to amend to plead specific facts concerning the alleged fraud and that support the application of the delayed discovery rule.

2. Plaintiff's claim for rescission and restitution is dismissed for failure to plead in accordance with Rule 9(b). He is granted leave to amend to allege specific facts concerning Defendants' purported fraud.

3. Plaintiff's apparent request for preliminary injunctive relief is denied based on his failure to meet the requirements set forth in <u>Winter</u> and its progeny.

4. Plaintiff's UCL claim, which is based on Defendants' alleged fraudulent conduct, is dismissed with leave to amend to plead facts in accordance with Rule 9(b).

5. Plaintiff's RICO claim is dismissed with leave to amend to allege facts showing a RICO enterprise and a pattern

11

of racketeering activity.

If Plaintiff intends to file an amended complaint, he shall do so within fourteen days of the date of this Order. If Plaintiff files an amended complaint, Defendants shall respond to it fourteen days after it is filed. If Defendants move to dismiss the complaint, Plaintiff shall respond to Defendants' motion within fourteen days after it is filed. Defendants' reply, if necessary, shall be due seven days after Plaintiff files his response. Any motion to dismiss will be decided on the papers. Plaintiff's failure to comply with this Order will result in the dismissal of his claims for failure to prosecute.

Pursuant to Civil L.R. 16-8 and ADR L.R. 2-3, the Court refers this foreclosure-related action to the Alternative Dispute Resolution (ADR) Unit to assess this case's suitability for mediation or a settlement conference. Plaintiff and Defendants' counsel shall participate in a telephone conference, to be scheduled by the ADR Unit on a date before September 14, 2011.

Plaintiff and Defendants' counsel shall be prepared to discuss the following subjects:

>    (1)  Identification and description of claims and alleged defects in loan documents.
>
>    (2)  Prospects for loan modification.
>
>    (3)  Prospects for settlement.
>
>    (4)  Any other matters that may be conducive to the just, efficient and economical determination of the action.

The parties need not submit written materials to the ADR Unit for the telephone conference.

12

In preparation for the telephone conference, Plaintiff shall do the following:

    (1)  Review relevant loan documents and conduct a brief investigation of claims to determine whether the claims in this action have merit.

    (2)  If Plaintiff is seeking a loan modification to resolve all or some of his claims, he shall prepare a current, accurate financial statement and gather all of the information and documents customarily needed to support a loan modification request. Further, Plaintiff shall immediately notify Defendants' counsel of his request for a loan modification.

    (3)  Provide counsel for Defendants with information necessary to evaluate the prospects for loan modification. The general and financial information provided to Defendants may be in the form of a financial statement, worksheet or application customarily used by financial institutions.

In preparation for the telephone conference, counsel for Defendants shall do the following.

    (1)  If Defendants are unable or unwilling to do a loan modification after receiving notice of Plaintiff's request, counsel for Defendants shall promptly notify Plaintiff to that effect.

    (2)  Arrange for a representative of each Defendant with full settlement authority to participate in the telephone conference.

The ADR Unit will provide the parties with additional information regarding the telephone conference, including the date it will be held. After the telephone conference has been held, the ADR Unit will advise the Court of its recommendation for further ADR proceedings.

//
//
//

A case management conference will be held on November 22, 2011 at 2:00 p.m.

IT IS SO ORDERED.

Dated: 8/17/2011

*Claudia Wilken*
CLAUDIA WILKEN
United States District Judge

cc:ADR

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

MICHAEL A HOWL,

        Plaintiff,

v.

BANK OF AMERICA NA et al,

        Defendant.

Case Number: CV11-00887 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 17, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael A. Howl
PO Box 916
Danville, CA 94526

Dated: August 17, 2011

                                Richard W. Wieking, Clerk
                                By: Nikki Riley, Deputy Clerk