IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. HOWL,<br><br>    Plaintiff,<br><br>  v.<br><br>BANK OF AMERICA, N.A; BAC HOME LOAN SERVICING, LP; PRLAP, INC.; RECONTRUST, N.A.; and DOES 1-50,<br><br>    Defendants.<br>_____ / | No. C 11-887 CW<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING DEFENDANTS' MOTION TO STRIKE<br>(Docket Nos. 41 and 42) |

    Pro se Plaintiff Michael A. Howl alleges that Defendants Bank of America, N.A.; BAC Home Loan Servicing, LP; PRLAP, Inc.; and ReconTrust Company, N.A. breached their mortgage contract with him and committed fraud with respect to that contract.  Defendants move to dismiss Plaintiff's first amended complaint (1AC) and to strike portions thereof.  Plaintiff opposes the motions.  Having considered the papers filed by the parties, the Court GRANTS Defendants' motion to dismiss and DENIES Defendants' motion to strike.

<center>BACKGROUND</center>

    The facts set forth herein are those alleged in Plaintiff's 1AC and in the documents of which Defendants have requested judicial notice, without objection from Plaintiff.

    On or about August 23, 2007, Plaintiff obtained a loan from Bank of America for $1.5 million, secured by a deed of trust for his home located at 288 Love Lane in Danville, California.  Jared, a mortgage broker, who was purportedly the agent of Bank of America, told Plaintiff that if he made payments as calculated

1  under the terms of the loan, Plaintiff would own the property at
2  the end of the loan period and that the loan was a "standard" and
3  "normal" loan.  1AC ¶¶ 31-32.  During the life of the loan,
4  Defendants allegedly "failed to properly credit payments made,
5  incorrectly calculated interest on the accounts, and have failed
6  to accurately debit fees."  Id. at ¶ 37.

7  In 2009, Defendants informed Plaintiff that Bank of America
8  considered him to be delinquent on his loan.  On or about
9  September 14, 2010, Defendants recorded a Notice of Default and
10 Election to Sell Under Deed of Trust on the Love Lane property.
11 On December 20, 2010, a Notice of Trustee Sale was recorded on the
12 property.  BAC Home Loan Servicing provided declarations in
13 support of both of the documents that were recorded.

14 At some point, Plaintiff made requests to BAC Home Loan
15 Servicing for information clarifying the amount that he allegedly
16 owed and what authority it had to foreclose on his loans.  BAC
17 Home Loan Servicing did not respond to Plaintiff's requests.

18 Plaintiff filed his action in Contra Costa County Superior
19 Court on January 21, 2011.  Defendants removed Plaintiff's action
20 to federal court on February 24, 2011.  On August 17, 2011, upon
21 motion from Defendants, the Court dismissed Plaintiff's first
22 complaint and granted him leave to amend certain claims.

23 On August 30, 2011, Plaintiff filed his 1AC.  In it, he
24 re-asserted certain claims from his original complaint and added
25 several new claims.  He asserts claims for: (1) breach of
26 contract; (2) violation of the Real Estate Settlement Procedures
27 Act (RESPA); (3) injunctive relief; (4) fraud and
28 misrepresentation; (5) rescission of the mortgage contract based

2

on TILA violations and fraud; and (6) unfair business practices in violation of California's Unfair Competition Law (UCL). Defendants move to dismiss the 1AC in its entirety and to strike certain allegations contained within it.

## DISCUSSION

I. Motion to Dismiss

A. Legal Standard

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). On a motion under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009) (citing Twombly, 550 U.S. at 555).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990). In determining whether amendment would be futile, the court examines whether the

3

complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).

B. Discussion

    1.   General Compliance with Rule 8(a)

Federal Rule of Civil Procedure 8(a) requires a plaintiff to present his or her case in a pleading that contains a "short and plain statement" showing that the pleader is entitled to relief. Defendants argue that Plaintiff has generally failed to meet this requirement, because he has failed to allege facts sufficient to meet the basic elements of his asserted claims and because "Defendants cannot ascertain which of Plaintiff's causes of action are specific to Bank of America, N.A. or to ReconTrust Company, N.A. or PRLAP, Inc." Mot. at 5.

While Plaintiff sometimes uses general terms for Defendants without specifically naming a particular defendant, Plaintiff makes clear which Defendants he charges in each cause of action. For the second, third, fourth, fifth and sixth causes of action, Plaintiff specifically states the defendant against whom he is making the claim in the title of the relevant section of the 1AC. In the allegations specific to the first cause of action for breach of contract, Plaintiff specifies that Bank of America is the defendant with whom Plaintiff had a contract and who considered him to be delinquent on his loan. While Plaintiff also uses general terms that could be interpreted to refer to other Defendants elsewhere in the section specific to his breach of contract claim, he clarifies in his opposition that this claim is

4

made against only Bank of America. Thus, Defendants have sufficient notice of the conduct with which each is accused.

While Plaintiff may have failed to plead facts sufficient to support certain claims, this argument is more appropriately addressed in relation to each claim individually, which the Court does below.

        2.    Breach of contract claim against Bank of America

Plaintiff brings a new cause of action for breach of contract against Bank of America. Plaintiff alleges that Bank of America breached a contract with him when it "claimed that Plaintiff was delinquent and attempted to collect additional money in excess of the amount due under the terms of the contract" and by "failing to properly credit payments and continuing to file a Notice of Default and Notice of Trustee Sale in violation of the terms of the Contract." 1AC ¶¶ 17-18. Plaintiff also alleges that, at the time, he "was current under the terms of the Contract," because he "had made at least the minimum payments under the terms of the loan as the terms had been represented to Plaintiff when the loan was originated." Id. at ¶¶ 13, 18.

To assert a cause of action for breach of contract, a plaintiff must plead: (1) the existence of a contract; (2) the plaintiff's performance or excuse for non-performance; (3) the defendant's breach; and (4) damages to the plaintiff as a result of the breach. Armstrong Petrol. Corp. v. Tri-Valley Oil & Gas Co., 116 Cal. App. 4th 1375, 1391 n.6 (2004).

Defendants argue that, while Plaintiff refers generally to a promissory note and Deed of Trust, he does not attach a copy of any agreement between the parties or set forth any particular

5

terms of such agreements, and has thus failed properly to allege the existence of a contract. "If the action is based on an alleged breach of a written contract, the terms must be set out verbatim in the body of the complaint or a copy of the written instrument must be attached and incorporated by reference." Fid. Nat'l Title Ins. Co. v. Castle, 2011 U.S. Dist. LEXIS 141297, at *41 (N.D. Cal.) (quoting Otworth v. S. Pac. Transp. Co., 166 Cal. App. 3d 452, 459 (1985)). Defendants are correct that Plaintiff has failed to do so here.

Defendants also state that Plaintiff has not sufficiently identified the facts constituting a breach of the contract. In response, Plaintiff points to the language in his complaint in which he makes general allegations that Bank of America failed to credit Plaintiff's payments correctly and attempted to collect additional money beyond the amount due under the contracts between the parties. However, Plaintiff does not state which provisions Bank of America is alleged to have violated or how Bank of America's collection attempts or crediting of Plaintiff's payments violated any particular provisions. On that basis, the Court finds that Plaintiff has not adequately plead that Bank of America breached a contract.

Defendants also argue that Plaintiff's failure to perform his obligation to make the monthly payments precludes him from bringing a breach of contract claim. Defendants state that Plaintiff's original complaint showed that he failed to perform his obligations in July 2009 when he defaulted on his loan and that this contradicts his allegation in the 1AC that he was current on his loan in 2009 when Bank of America accelerated it.

6

1    Mot. at 7.  However, the allegations in the complaints are not
2    actually contradictory.  In the original complaint, Plaintiff
3    stated that he made payments based on Defendants' calculations
4    until June 2009 and that, at that time, it became difficult to
5    keep up with the adjusted payments, leading him to ask Defendants
6    questions.  Compl. ¶ 39.  In both complaints, he says that he made
7    the required payments until Bank of America breached the contract
8    in 2009 and subsequently began refusing to accept his payments.
9    Thus, Plaintiff did sufficiently plead his performance or excuse
10   for non-performance.

11        Finally, Defendants argue that Plaintiff did not properly
12   allege damages because he generally stated that he "suffered
13   damages as a result of Defendant's breach of the contract and has
14   been forced to file a legal complaint," 1AC, at ¶ 19, without
15   specifically pleading what damages he suffered.  Defendants also
16   contend that any damage Plaintiff may have suffered was due to his
17   own failure to perform his loan obligations.  It is true that
18   Plaintiff has not made clear what damages he suffered as a result
19   of Bank of America's alleged breach.  However, when taking all
20   material allegations as true and construing them in the light most
21   favorable to Plaintiff, any harm that he suffered was not due to
22   his own failure to satisfy his outstanding loan requirement,
23   because he was current on his loan payments at the time that Bank
24   of America breached its obligations.

25        Accordingly, the Court GRANTS Defendants' motion to dismiss
26   Plaintiff's breach of contract claim against Bank of America with
27   leave to amend to correct the deficiencies identified above, if
28   this can be done truthfully.

7

### 3. RESPA claim against BAC Home Loan Servicing

Plaintiff brings a new cause of action for violation of the RESPA against BAC Home Loan Servicing. Plaintiff alleges that he made at least one qualified written request for information to BAC Home Loan Servicing seeking information regarding the amount apparently owed on the loan and its authority in relation to a debt that had originated with Bank of America. Plaintiff also claims that BAC Home Loan Servicing failed to respond to his request for information, in violation of 12 U.S.C. § 2605.

Defendants argue that Plaintiff's RESPA claim is barred by the statute of limitations. The limitations period for section 2605 claims is three years from the date of the occurrence of the violation, not from the date of the closing of the loan, as Defendants contend. See 12 U.S.C. § 2614. While Plaintiff does not allege the date on which he made his written request, he states that the request was related to the dispute about the amount of money owed and to BAC Home Loan Servicing's authority to foreclose, which appear to have been at issue in 2009 and 2010. See 1AC at ¶¶ 13-15, 21. Thus, a section 2605 claim premised on Plaintiff's request for documents from BAC Home Loan Servicing may not be time-barred.

Plaintiff, however, does not adequately plead that he sent BAC Home Loan Servicing a proper qualified written request. RESPA places a duty upon loan servicers to respond to "qualified written requests." Lawther v. Onewest Bank, 2010 U.S. Dist. LEXIS 131090, at *6 (N.D. Cal.). A qualified written request is one that includes identifying information about the borrower and provides "a statement of the reasons for the belief of the borrower, to the

8

extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(c)(1). The request must be related to the servicing of the loan. Lawther, 2010 U.S. Dist. LEXIS 131090, at *6. While Plaintiff alleges that he sent a letter that he calls a qualified written request seeking information regarding the servicing of the loan, he does not plead that he provided identifying information in the letter or that he explained the reasons for his belief in the inaccuracy of the reports.

Plaintiff also fails to plead any actual damages as a result of the alleged failure to respond. If a loan servicer fails to comply with the provisions of section 2605, a borrower is entitled to any actual damages resulting from the failure. Id. The plaintiff must include, at the pleading stage, a demonstration of some actual pecuniary loss. Id. The plaintiff must also allege a causal relationship between the alleged damages and the RESPA violation. Id. at *7.

Accordingly, the Court GRANTS Defendants' motion to dismiss Plaintiff's RESPA claim against BAC Home Loan Servicing, with leave to amend to correct the deficiencies identified above, if this can be done truthfully.

    4. Request for preliminary injunctive relief against Bank of America

Plaintiff asserts a claim asking that the Court "temporarily enjoin Defendants, and each of them, from conducting a trustee sale of the Subject Property until the Court may determine the legal issues herein as a matter of law and a hearing on the

9

merits." 1AC, at ¶ 25. Plaintiff does not seek a permanent injunction. Because a preliminary injunction is not a cause of action and is instead a form of interim relief, intended to maintain the status quo during adjudication of a party's substantive claims, the Court construes Plaintiff's claim as a request for a preliminary injunction. While the title of the section in the 1AC addressing a preliminary injunction specifically refers to TILA violations, Plaintiff's request appears to be premised on all of the causes of action he asserts against Defendants. See 1AC ¶ 26 ("Plaintiff seeks to enjoin the pending sale pending resolution of the numerous issues outlined in the Complaint herein.").

This appears to be a re-assertion of Plaintiff's request for a preliminary injunction, which was contained in his original complaint. This Court previously denied Plaintiff's first request for a preliminary injunction, because Plaintiff had failed to respond to Defendants' argument that he did not meet the requirements for a preliminary injunction. Order Granting Defs.' Mot. to Dismiss, at 9-10. Plaintiff again has not addressed the requirements that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Accordingly, Plaintiff's request for a preliminary injunction is DENIED.

Defendants seek to dismiss Plaintiff's request for a preliminary injunction from the 1AC, and to strike any references to injunctive relief, because this Court had previously "dismissed

10

it without leave to amend." Mot. to Dismiss, at 11. However, as previously explained, a preliminary injunction is not a cause of action. This Court did not previously dismiss Plaintiff's request with prejudice; instead, the Court denied his first request, because he had not made a showing that the requirements for issuance of a preliminary injunction were met at that time. Thus, the Court DENIES Defendants' request to strike references to injunctive relief. Plaintiff may renew his request for a preliminary injunction as a properly filed motion demonstrating that he meets the elements set forth above, if he files an amended complaint remedying the deficiencies in his substantive claims for which this Court has granted him leave to do so.

5. Fraud and misrepresentation claim against Bank of America

Plaintiff re-asserts a claim for misrepresentation and fraud, which the Court had previously dismissed with leave to amend, based on Bank of America's conduct at the time he executed his loan documents in August 2007. He also alleges that, during the life of the loan, Defendants committed fraud by improperly crediting payments he made and incorrectly calculating the interest applied to his loan.

Defendants argue that this claim is time-barred, based on California Code of Civil Procedure section 338(d), which imposes a three-year limitations period on claims based "on the ground of fraud or mistake," except that such claims are "not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." Cal. Code Civ. Proc. § 338(d). The alleged misconduct at the time of the origination

of the loan occurred in August 2007, outside of the limitations period. As in his opposition to the first motion to dismiss, Plaintiff again insists that he nevertheless may seek liability for this alleged misconduct because he did not discover it until June 2009; Plaintiff does not argue that Defendants fraudulently concealed the misrepresentations.

To invoke the delayed discovery rule, Plaintiff must "specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." E-Fab, Inc. v. Accountants, Inc. Servs., 153 Cal. App. 4th 1308, 1324 (2007) (emphasis in original; citation and internal quotation marks omitted). The only factual allegation that he has added to his 1AC is that he "did not learn of the contractual fraud and misrepresentations until 2009 when he discovered that the calculations did not match" and that he "could not have known of the improper accounting until he was notified that the financial institutions considered him to be in default under the loan agreement." 1AC, at ¶ 39. Plaintiff has not plead facts that show the time and manner of discovery or his reasonable diligence. For example, Plaintiff offers no explanation as to why, despite reasonable diligence, he could not have learned earlier that the interest rate he was being charged was not what it should have been based on the documents he signed in August 2007, which specifically stated that the initial interest rate for the loan was 8.125% until at least October 1, 2012. RJN, Ex. A, at 2. Thus, Plaintiff has not plead facts sufficient to support the application of the delayed discovery rule to his claim based on conduct that occurred outside of the limitations period.

12

1    Defendants also argue that Plaintiff has not plead the facts
2 supporting this claim with sufficient particularity.  Under
3 California law, "[t]he elements of fraud, which gives rise to the
4 tort action for deceit, are (a) misrepresentation (false
5 representation, concealment, or nondisclosure); (b) knowledge of
6 falsity (or 'scienter'); (c) intent to defraud, i.e., to induce
7 reliance; (d) justifiable reliance; and (e) resulting damage."
8 Small v. Fritz Cos., Inc., 30 Cal. 4th 167, 173 (2003) (quoting
9 Lazar v. Superior Court, 12 Cal. 4th 631, 638 (1996)).  "In all
10 averments of fraud or mistake, the circumstances constituting
11 fraud or mistake shall be stated with particularity."  Fed. R.
12 Civ. Proc. 9(b).  The allegations must be "specific enough to give
13 defendants notice of the particular misconduct which is alleged to
14 constitute the fraud charged so that they can defend against the
15 charge and not just deny that they have done anything wrong."
16 Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985).  Statements
17 of the time, place and nature of the alleged fraudulent activities
18 are sufficient, id. at 735, provided the plaintiff sets forth
19 "what is false or misleading about a statement, and why it is
20 false."  In re GlenFed, Inc., Sec. Litig., 42 F.3d 1541, 1548 (9th
21 Cir. 1994).  "When a claim of fraud is made against a corporation,
22 the complaint 'must set forth specific names of the persons who
23 made the misrepresentation, their authority to speak for the
24 corporation, to whom they spoke, what they said or wrote, and when
25 it was said or written.'"  Banaga v. Taylor Bean Mortg. Co., 2011
26 U.S. Dist. LEXIS 122804, at *15 (N.D. Cal.) (quoting Tarmann v.
27 State Farm Mutual Auto Ins. Co., 2 Cal. App. 4th 153 (1991)).
28 Scienter may be averred generally, simply by saying that it

13

existed. Id. at 1547; see Fed. R. Civ. Proc. 9(b) ("Malice, intent, knowledge, and other condition of mind of a person may be averred generally"). Allegations of fraud based on information and belief usually do not satisfy the particularity requirements of Rule 9(b); however, as to matters peculiarly within the opposing party's knowledge, allegations based on information and belief may satisfy Rule 9(b) if they also state the facts upon which the belief is founded. Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1439 (9th Cir. 1987).

Plaintiff makes only general allegations regarding purportedly fraudulent conduct during the life of the loan after origination. Plaintiff also does not plead his claim based on conduct at the time he executed his loan documents in August 2007 with sufficient particularity. Plaintiff alleges that certain misrepresentations were made by "Jared, the mortgage broker" and states, without any elaboration, that he was an "agent" of Bank of America. However, "a plaintiff must allege more than conclusory allegations regarding an agency relationship when normally, as a matter of law, a broker is the agent of the borrower not the lender." Abels v. Bank of Am., N.A., 2012 U.S. Dist. LEXIS 28125, at *19 (N.D. Cal.) (citing Montoya v. McLeod, 176 Cal. App. 3d 57, 64 (1985)). Plaintiff also states that the interest rate that Defendants disclosed does not match the calculations that they represented to him. However, in the 1AC, Plaintiff does not provide any specific details regarding these alleged misrepresentations, including which documents had differing interest rates or calculations and how these were fraudulent.

14

Accordingly, the Court GRANTS Defendants' motion to dismiss Plaintiff's fraud and misrepresentation claim against Bank of America. Because Plaintiff has had an opportunity to correct this deficiency, dismissal is without leave to amend.

    6. Rescission claim against Bank of America based on TILA violations and fraud

Plaintiff re-asserts a claim seeking rescission of the mortgage contract. He previously alleged a claim for rescission of the contract as a voidable cognovit note, which the Court dismissed with leave to amend. Plaintiff now seeks rescission based on Bank of America's purported fraud and TILA violations. 1AC, at ¶ 43. To the extent that Plaintiff's rescission claim is premised on his fraud claim, the Court GRANTS Defendants' motion to dismiss it without leave to amend for the reasons set forth above.

Defendants argue that rescission under TILA is barred by a three year statute of limitations. "If proper notice of rescission rights is not delivered to the consumer at the time of closing, and the lender fails to cure the omission by subsequently providing the proper information, the consumer's usual right to rescind within three days of closing is extended to three years." Miguel v. Country Funding Corp., 309 F.3d 1161, 1163 (9th Cir. 2002) (citing 15 U.S.C. § 1635(f); 12 C.F.R. § 226.23(a)(3)). "[S]ection 1635(f) of TILA represents an 'absolute limitation on rescission actions' which bars any claims filed more than three years after the consummation of the transaction." Id. at 1164 (quoting King v. California, 784 F.2d 910, 913 (9th Cir. 1986)). "Section 1635(f) is therefore not merely a statute of

15

limitations--it completely extinguishes the underlying right itself." <u>McOmie-Gray v. Bank of Am. Home Loans</u>, 2012 U.S. App. LEXIS 2448, at *10 (9th Cir.). Because Plaintiff filed this action on January 21, 2011, more than three years after the closing of his loan on August 23, 2007, Plaintiff's claim for rescission under TILA is barred.

Accordingly, the Court GRANTS Defendants' motion to dismiss Plaintiff's claim for rescission based on TILA violations with prejudice.

       7.   UCL claim against all Defendants

Plaintiff re-asserts claims against all Defendants for unfair business practices. The Court previously dismissed this claim with leave to amend.

California's Unfair Competition Law (UCL) prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. The UCL incorporates other laws and treats violations of those laws as unlawful business practices independently actionable under state law. <u>Chabner v. United of Omaha Life Ins. Co.</u>, 225 F.3d 1042, 1048 (9th Cir. 2000). Violation of almost any federal, state or local law may serve as the basis for a UCL claim. <u>Saunders v. Superior Court</u>, 27 Cal. App. 4th 832, 838-39 (1994). In addition, a business practice may be "unfair or fraudulent in violation of the UCL even if the practice does not violate any law." <u>Olszewski v. Scripps Health</u>, 30 Cal. 4th 798, 827 (2003). Claims under the UCL must be brought "within four years after the cause of action accrued." Cal. Bus. & Prof. Code § 17208.

16

Plaintiff's UCL claim is based on Defendants' alleged fraudulent conduct.  Plaintiff fails to allege fraud against any Defendant with sufficient particularity.  Accordingly, the Court GRANTS Defendants' motion to dismiss this claim.  Because Plaintiff has had an opportunity to correct this deficiency, dismissal is without leave to amend.

II.  Motion to Strike

Defendants have also filed a motion to strike certain allegations in Plaintiff's 1AC and his request for attorneys' fees.  Because the Court has dismissed all of Plaintiff's causes of action, Defendants' motion to strike is DENIED AS MOOT.

Because Plaintiff may choose to file a second amended complaint and include a request for attorneys' fees therein, the Court notes that Plaintiff has not plead a valid basis for attorneys' fees in the 1AC.

Defendants argue that Plaintiff may not recover attorneys' fees, because he is proceeding *pro se* and has not incurred any attorneys' fees thus far.  However, although Plaintiff is currently proceeding *pro se*, he may retain counsel at some point during the litigation.

Defendants also argue that Plaintiff has not plead a statutory or contractual basis for an award of attorneys' fees. Attorneys' fees may be recovered only where provided by statute or contract.  Cal. Code Civ. Proc. § 1021; <u>Amtower v. Photon Dynamics, Inc.</u>, 158 Cal. App. 4th 1582, 1601 (2008).  The 1AC does not specify a statutory or contractual basis for an award of attorneys' fees.  If Plaintiff can remedy this deficiency, he may include a prayer for attorneys' fees in an amended complaint.

17

The Court notes that there are provisions in the Adjustable Rate Note and Deed of Trust, of which Defendants requested that the Court take judicial notice, that appear to authorize the lender and note holder to collect attorneys' fees in certain circumstances. See RJN, Ex. A (Adjustable Rate Note), ¶ 7.D; RJN, Ex. B (Deed of Trust), ¶ 22.  The Court further notes that California Civil Code section 1717 makes unilateral fee provisions, such as these, applicable to both parties to a contract.  See Kachlon v. Markowitz, 168 Cal. App. 4th 316, 347 (2008).

CONCLUSION

For the reasons set forth above, the Court GRANTS Defendants' motion to dismiss the 1AC and DENIES Defendants' motion to strike (Docket Nos. 41 and 42).

Plaintiff is granted leave to amend his breach of contract claim against Bank of America and his RESPA claim against BAC Home Loan Servicing to address the deficiencies noted above.  Plaintiff may renew his request for a preliminary injunction as a properly noticed motion, once his amended complaint is answered.  In an amended complaint, Plaintiff may include a prayer for attorneys' fees if he is able to allege a statutory or contractual basis for such an award against Bank of America and/or BAC Home Loan Servicing.  In an amended complaint, Plaintiff shall not renew any claims other than the two noted herein and shall not raise any new claims.

If Plaintiff intends to file an amended complaint, he shall do so within fourteen days of the date of this Order.  If Plaintiff files an amended complaint, Defendants shall respond to

it within fourteen days after it is filed.  If Defendants move to dismiss the amended complaint, Plaintiff shall respond to Defendants' motion within fourteen days after it is filed. Defendants' reply, if necessary, shall be due seven days after Plaintiff files his response.  Any motion to dismiss will be decided on the papers.  Plaintiff's failure to comply with this Order will result in the dismissal of his claims for failure to prosecute.

IT IS SO ORDERED.

Dated: 3/19/2012

CLAUDIA WILKEN
United States District Judge