IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL A. HOWL,

     Plaintiff,

    v.

BANK OF AMERICA, N.A; BAC HOME
LOAN SERVICING, LP; PRLAP, INC.;
RECONTRUST, N.A.; and DOES 1-50,

     Defendants.

_____/

No. C 11-887 CW

ORDER GRANTING
DEFENDANTS' MOTION
TO DISMISS (Docket
No. 63)

Plaintiff Michael A. Howl brings the instant mortgage-related suit against Defendants Bank of America, N.A., BAC Home Loan Servicing, LP, PRLAP, Inc. and ReconTrust Company, N.A.  In his second amended complaint (2AC), Plaintiff asserts a claim that Bank of America and BAC Home Loan Servicing breached a mortgage contract with him.  Plaintiff also asserts a claim for violation of the Real Estate Settlement Procedures Act (RESPA) against BAC Home Loan Servicing and ReconTrust.  Defendants move to dismiss Plaintiff's 2AC.  Plaintiff opposes the motion.  Having considered the papers filed by the parties, the Court GRANTS Defendants' motion.

BACKGROUND

The facts set forth herein are those alleged in Plaintiff's 2AC and in the documents of which Defendants have requested judicial notice, without objection from Plaintiff.

Bank of America engages in mortgage lending and the other Defendants all engage in mortgage servicing.  2AC ¶¶ 2-5.

On or about August 23, 2007, Plaintiff obtained a loan from Bank of America for $1.5 million, secured by a deed of trust for his home located at 288 Love Lane in Danville, California.  Id. at ¶ 11.  Plaintiff has attached to his 2AC the Adjustable Rate Note for the loan, but not the deed of trust.  2AC, Ex. A.

Prior to, and at the time of, the execution of the loan agreement, Jared Hayward, a mortgage broker, who was purportedly an agent of Bank of America, made certain representations to Plaintiff.  2AC ¶¶ 13-15.  Hayward orally communicated to Plaintiff "that there was to be no prepayment penalty and that any payment would be applied to principal as described in Paragraph 3c of the contract."  Id. at ¶ 13.  On August 10, 2007, in response to an email from Plaintiff in which he questioned why there was a "prepay" listed on the "disclosures," Hayward stated in an email, "There is no prepay.  It was filled in by accident.  You can cross [off] and initial.  Sorry, Jared."  Id.  In addition, at the time that the loan was executed, Hayward told Plaintiff that "the interest rate would be tied to an independent, impartial index known as the LIBOR as reported in the Wall Street Journal, and furthermore that his loan rate would be based on the amount of the LIBOR in the 45 days prior to his loan."  Id. at ¶ 14.  Hayward also informed him that "the benefit of an adjustable loan is that if interest rates go down you can benefit from a greatly reduced interest rate," and gave as an example that "if the LIBOR went down to 1% the total interest rate would be 3.250."  Id. at ¶ 15.

Sections two and four of the Adjustable Rate Note between Plaintiff and Bank of America address the interest rate on the loan.  Section two provides that Plaintiff "will pay interest at a

2

yearly rate of 8.125%" and that the "interest rate will change in

accordance with Section 4 of this Note." 2AC, Ex. A, 1. Section

4(A) states, "The interest rate I will pay may change on the FIRST

day of October, 2012 and on that day every 12th month thereafter,"

which is referred to as the "Change Date." Id. at 2. Section

4(B) provides, "Beginning with the first Change Date, my interest

rate will be based on an Index. The 'Index' is: THE ONE-YEAR

LONDON INTERBANK OFFERED RATE ("LIBOR") WHICH IS THE AVERAGE OF

INTERBANK OFFERED RATES FOR ONE-YEAR U.S. DOLLAR-DENOMINATED

DEPOSITS IN THE LONDON MARKETS, AS PUBLISHED IN THE WALL STREET

JOURNAL. . . ." Id. Section 4(D) sets forth limits on interest

rate changes and states,

> The interest rate I am required to pay at the first
> Change Date will not be greater than 13.125% or less
> than 3.125%. Thereafter, my interest rate will never be
> increased or decreased on any single Change Date by more
> than TWO percentage points (2.000%) from the rate of
> interest I have been paying for the preceding period.

Id. at 3.

Section three of the Note addresses payments. It provides,

"Beginning on the FIRST day of the NOVEMBER, 2007 and on the FIRST

day of every month thereafter until the FIRST day of November,

2017, I will pay only the interest on the unpaid principal balance

of the Note. Thereafter, I will pay principal and interest by

making payments every month as provided below." Id. at 1.

Section 3(A) provides in part that each monthly payment "will be

applied to interest before Principal." Id. Section 3(B) states

that the "initial monthly payments will be in the amount of U.S.

$10,156.25" and further states, "This amount may change." Id. at

2. Section 3(C) states, "Changes in my monthly payment will

3

United States District Court
For the Northern District of California

reflect changes in the unpaid principal of my loan and in the interest rate that I must pay," and that the note holder would calculate the "changed amount of my monthly payment in accordance with Section 4 of this Note." Id. In turn, Section 4(C) provides that, during the interest-only payment period, after calculating the new interest rate at the Change Date, the note holder would then determine the new amount of the monthly payment by calculating "the amount of the monthly payment that would be sufficient to pay the interest which accrues on the unpaid principal of my loan." Id. at 2.

Section five addresses Plaintiff's right to prepay. It states in relevant part,

> I HAVE THE RIGHT TO MAKE PAYMENTS OF PRINCIPAL AT ANY TIME BEFORE THEY ARE DUE. A PAYMENT OF PRINCIPAL ONLY IS KNOWN "PREPAYMENT." WHEN I MAKE A PREPAYMENT, I WILL TELL THE NOTE HOLDER IN WRITING THAT I AM DOING SO . . .
>
> I MAY MAKE A FULL PREPAYMENT OR PARTIAL PREPAYMENT WITHOUT PAYING A PREPAYMENT CHARGE. AFTER PAYING ANY LATE FEES OR OUTSTANDING FEES THAT I OWE, THE NOTE HOLDER WILL USE MY PREPAYMENTS TO REDUCE THE AMOUNT OF PRINCIPAL THAT I OWE UNDER THIS NOTE. HOWEVER, THE NOTE HOLDER MAY APPLY MY PREPAYMENT TO THE ACCRUED AND UNPAID INTEREST ON THE PREPAYMENT AMOUNT BEFORE APPLYING MY PREPAYMENT TO REDUCE THE PRINCIPAL AMOUNT OF THE NOTE. . . . IF THE PARTIAL PREPAYMENT IS MADE DURING THE PERIOD WHEN MY MONTHLY PAYMENTS CONSIST ONLY OF INTEREST, THE AMOUNT OF THE MONTHLY PAYMENTS WILL DECREASE FOR THE REMAINDER OF THE TERM WHEN MY PAYMENTS CONSIST ONLY OF INTEREST. . . .

Id. at 3.

Finally, Section seven addresses Plaintiff's failure to pay as required. Section 7(B) provides, "If I do not pay the full amount of each monthly payment on the date it is due, I will be in default." Id. at 4. Section 7(C) states, "If I am in default, the Note Holder may send me a written notice telling me that if I

4

do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount." Id.

Plaintiff alleges that he made twenty-three prepayments but that Bank of America and BAC Home Loan Servicing only show that he made twenty-one prepayments and that they did not calculate the remaining prepayments correctly. 2AC ¶ 12. In August 2007, Plaintiff made a payment of $10,684.80; he states that $528.55 of this payment should have been used to reduce the principal balance from $1.5 million to about $1,499,471. Id. However, Bank of America and BAC Home Loan Servicing continued to charge him interest on the original principal of $1.5 million and did not credit this amount to his account. Id. In September 2007, they charged Plaintiff $10,350.90 in interest, which was higher than the amount stated in the Note for the monthly interest-only payment. Id. Although he paid that amount, the $198.23 he paid in addition to the $10,152.67 that was set forth in the Note for the monthly interest-only payment amount was not applied to reduce the principal and he continued to be charged interest on the full $1.5 million. Id. On November 1, 2007, Plaintiff made a payment of $11,000. Id. He states that, for the first time, Bank of America and BAC Home Loan Servicing gave him credit for a prepayment of principal but that they reduced the principal by $843.75 and should have reduced it by $848.67. Id.

Plaintiff alleges that, as of June 2009, he had paid $223,601.25 in total toward his loan but that Bank of America and BAC Home Loan Servicing are "only giving credit for $202,816.45"

and that he was current on his loan when these Defendants claimed
that he was delinquent and refused to accept additional payments.
Id. at ¶¶ 12, 29.

Plaintiff also alleges that the "LIBOR 12 month rate in
August of 2007 was 5.186%," "that the added margin of 2.25% would
make the correct agreed interest rate for the loan 7.436 percent"
and thus that the initial 8.125 percent interest rate included in
the loan was improper. Id. at ¶ 24. He further contends that the
two percent limit on the changes in the interest rate in the Note
contradicted Hayward's representation to him that his rate would
decrease as the LIBOR decreased. Id. at ¶¶ 15, 23-24. In
addition, he contends that Bank of America improperly manipulated
the LIBOR rate in order to collect a higher interest rate. Id. at
¶¶ 19-22, 26.

On September 14, 2010, ReconTrust recorded a Notice of
Default and Election to Sell Under Deed of Trust. 2AC ¶ 28;
Request for Judicial Notice (RJN), Ex. C. The Notice of Default
stated that Plaintiff failed to make the payment due on June 1,
2009 and all subsequent payments. RJN, Ex. C, 2. On the Notice
of Default, ReconTrust is identified as the agent of the
Beneficiary, Bank of America. Id. The Notice of Default also
provides,

> To find out the amount you must pay, or to arrange for
> payment to stop the foreclosure, or if your property is
> in foreclosure for any other reason, contact:
>
> BANK OF AMERICA, N.A.
>
> C/O BAC Home Loans Servicing, LP
>
> 400 COUNTRYWIDE WAY SV-35
>
> SIMI VALLEY, CA 93065

United States District Court
For the Northern District of California

FORECLOSURE DEPARTMENT (800)669-6650

<u>Id.</u>

Plaintiff alleges that, on October 8, 2010, he sent a letter "to BAC Home Loan and ReconTrust after receiving a letter from ReonTrust dated October 1, 2010." 2AC ¶ 34 (errors in original). However, the letter that he attached to the 2AC as Exhibit 2 is addressed to "ReconTrust c/o BAC Home Loan Servicing." 2AC ¶ 33, Ex. 2. Plaintiff states in the 2AC that this was "his second request." 2AC ¶ 34. In the letter, Plaintiff wrote,

> I received the packet of information that you provided me regarding the loan described above for real estate at 288 Love Lane in Danville, CA. However, there are multiple problems with the accounting. In escrow I paid $10,684.80 to the loan in August 2007 but that payment does not show on the statement. In addition, the initial interest on the contract was to be $10,156.25 monthly but reduced if principal payments were made and I made several principal payments . . . Furthermore, at the start of the loan I made additional payments each month that would reduce the principal however, the stated interest in the second and third months are the initial contract amount of $10,156.25. In addition the amount of interest charged in October of 2007 was $10,350.90 which is too high. I made payments of more than 20,000 dollars more than what is shown on the total payments when added together.
>
> In addition, I would like for you to provide the documentation that shows or confirms your authority to act on behalf of Bank of America. I did receive the Deed of Trust and promissory note from you but it only refers to Bank of America and does not tie in your authority in any way. What is your authority to service the loan and why are you not showing the full amount of my payments made for the loan?

2AC, Ex. B.

Plaintiff states that neither ReconTrust nor BAC Home Loan Servicing responded to his October 8, 2010 letter. 2AC ¶ 35. He alleges that, as a result of the lack of a response, he incurred damages, including expenses related to filing this lawsuit, the

**United States District Court**
For the Northern District of California

additional interest and fees that Bank of America and BAC Home
Loan Servicing continued to charge after he sent the letter,
"higher interest rates being charged against his account" and
"loss of principal payments that were not credited to his account
in the amount in excess of $20,000.00." Id.

On December 16, 2010, ReconTrust, as trustee, recorded a
Notice of Trustee's Sale. RJN, Ex. D.

Plaintiff filed his action in Contra Costa County Superior
Court on January 21, 2011 and recorded a Notice of Pending Action
on March 4, 2011. Docket No. 1; RJN, Ex. E. Defendants removed
Plaintiff's action to federal court on February 24, 2011.

On June 6, 2011, ReconTrust recorded a Notice of Rescission
of Declaration of Default and Demand for Sale and of Notice of
Default and Election to Sell. RJN, Ex. F.

On August 17, 2011, upon motion from Defendants, the Court
dismissed Plaintiff's first complaint and granted him leave to
amend certain claims. Docket No. 36.

On August 30, 2011, Plaintiff filed his first amended
complaint (1AC). Docket No. 38. In it, he re-asserted certain
claims from his original complaint and added several new claims,
including a claim for breach of contract and a claim against BAC
Home Loan Servicing only for violation of RESPA. In his
opposition to Defendants' motion to dismiss the 1AC, Plaintiff
clarified that his new breach of contract claim was asserted
against Bank of America only. Docket No. 46, 2.

On March 19, 2012, the Court granted Defendants' motion to
dismiss the 1AC. Docket No. 61. At that time, the Court granted
Plaintiff leave to amend his breach of contract claim against Bank

of America and his RESPA claim against BAC Home Loan Servicing to address the deficiencies identified in that order.  The Court also stated, "In an amended complaint, Plaintiff shall not renew any claims other than the two noted herein and shall not raise any new claims."  Id. at 18.

Defendants now move to dismiss the 2AC in its entirety.

LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  On a motion under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff.  NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).  However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009) (citing Twombly, 550 U.S. at 555).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile.  Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990).  In determining whether amendment would be futile, the court examines whether the

9

**United States District Court**
For the Northern District of California

complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).

DISCUSSION

I.  Breach of contract claim

In his breach of contract claim, Plaintiff alleges that Bank of America and BAC Home Loan Servicing breached the Note when they failed properly to apply his payments to his account, "claimed that Plaintiff was delinquent and attempted to collect additional money in excess of the amount due under the terms of the contract" and by "failing to properly credit payments and continuing to file a Notice of Default and Notice of Trustee Sale in violation of the terms of the Contract." 2AC ¶¶ 29-31. Plaintiff also appears to allege that these Defendants were in breach by charging him more interest than permitted by the contract. Defendants move to dismiss this claim in its entirety.

The Court grants the motion to dismiss this claim as to BAC Home Loan Servicing. In the briefing related to the prior motion to dismiss, Defendants argued that Plaintiff had not plead which Defendants were the subject of each of his claims and thus had not provided Defendants with sufficient notice of the claims against them. Plaintiff responded, in relevant part, for his first cause of action, which was for breach of contract, "defendant Bank of America was clearly stated as the breaching party." Docket No. 46, 2. Plaintiff did not identify any other Defendant as the subject of that claim and he went on to defend the sufficiency of his allegations for the claim as to only Bank of America. In part

United States District Court
For the Northern District of California

in reliance on Plaintiff's representation that this claim was asserted against Bank of America only, the Court found that Plaintiff had provided sufficient notice to Defendants of the conduct with which each was accused.  Docket No. 61, 3-4.  In granting Plaintiff leave to amend his breach of contract claim, the Court gave permission to do so only against Bank of America and did not allow Plaintiff to raise new claims for which it had not granted leave.  Id. at 7, 18.  Thus, Plaintiff was not permitted to assert a breach of contract claim against BAC Home Loan Servicing in his 2AC.

To assert a cause of action for breach of contract, a plaintiff must plead: (1) the existence of a contract; (2) the plaintiff's performance or excuse for non-performance; (3) the defendant's breach; and (4) damages to the plaintiff as a result of the breach.  Armstrong Petrol. Corp. v. Tri-Valley Oil & Gas Co., 116 Cal. App. 4th 1375, 1391 n.6 (2004).

Defendants argue that this claim fails in its entirety for a number of reasons.  First, Defendants contend that Plaintiff failed to set out verbatim the terms of the Deed of Trust that were breached or to attach a copy of that document to his 2AC.  However, Plaintiff has alleged that Defendants breached the provisions of the Adjustable Rate Note, not the Deed of Trust, and he did attach that document to his pleading.

Second, Defendants argue that, to the extent that Plaintiff's breach of contract claim is based on the oral representations made by Hayward about the interest rate for the loan, such claims are barred because they were not brought within the two year statute of limitations for breach of an oral contract, they are barred by

the statute of fraud and any oral representations were superseded by the written and agreed upon terms contained in the Note, Deed of Trust and adjustable rate rider.  Plaintiff does not address these arguments and instead responds that he did not intend to allege that there was an oral contract and that he instead included the written and verbal comments made by Hayward in order to help show that the parties had intended to allow prepayments under the contract.  Thus, Plaintiff has repudiated any reliance on the representations that Hayward made outside of the contract as the basis for his breach of contract claim.  He also points to no other basis for a claim that Defendants breached the agreement by charging him an interest rate other than the initial 8.125 percent interest rate set forth in the Note or by charging him an initial interest rate that was not tied to "an independent, impartial LIBOR rate."  Accordingly, the Court grants Defendants' motion to dismiss the breach of contract claim to the extent it is predicated on these allegations.

Third, Defendants argue that Plaintiff has not specifically identified any provision of the Note that was breached by their purported failure to credit the prepayments to his account.  They contend that the sections of the Note that Plaintiff points to in his 2AC "do not concern how payments are credited to the loan."  Mot. at 5.  This argument is unavailing.  Section five sets forth how prepayments are to be credited to the loan.  Section three addresses this for regular monthly payments and provides that these will be applied to interest before principal.

However, Defendants also argue that Plaintiff has not sufficiently plead that Bank of America breached the contract by

United States District Court
For the Northern District of California

failing properly to credit his prepayments to his account because he has not plead that he notified Bank of America in writing of the prepayments.  As set forth above, Section five of the Note obliged Plaintiff, when making prepayments, to "tell the note holder in writing that" he was "doing so."  2AC, Ex. A, 3. Plaintiff has not plead that he did so and did not respond to Defendants' argument in his opposition.  Because Plaintiff has not plead that he met the requirements in the contract to have a prepayment applied to his account, Plaintiff has not sufficiently plead that Defendants breached the contract by failing to credit these properly.

Further, Plaintiff has not plead facts that would support a finding that the payments that Plaintiff sent to Defendants in August and September 2007 were monthly payments subject to the provisions of Section three of the Note, rather than Section five which addresses prepayments.  As Defendants point out, Section three states that his monthly payments would begin on November 1, 2007.  Although Plaintiff is correct that he had a right to make prepayments to his account prior to that date, he was required to do so in accordance with the prepayment provisions of the Note.[1]

In addition, Defendants contend that, aside from the payments made in August and September 2007, Plaintiff does not offer sufficient factual allegations about any of the more than twenty other payments that Defendants purportedly failed to credit

---

[1] The Court notes that such a result does not bar Plaintiff from seeking recovery in state court of the money that he paid to Defendants and was never credited to his account under a quasi-contract or quantum meruit theory.  The Court does not opine as to whether there may other barriers to such a claim.

United States District Court
For the Northern District of California

properly to Plaintiff's account.  Plaintiff responds that
paragraph twelve of the 2AC provides sufficient notice of the
payments that were made and not credited to his account.

In that paragraph, Plaintiff provides details of only one
additional instance in which he states that Defendants failed
properly to apply a payment to his account.  He states that, on
November 1, 2007, he made a payment of $11,000 and Defendants gave
him "credit for prepayment of principal in the amount of $843.75."
2AC ¶ 12.  This corresponds to the amount that Plaintiff paid in
addition to the regular monthly payment amount specified in the
Note, which was $10,156.25.  Plaintiff alleges that this amount
was incorrect and that instead his payment for interest should
have been $10,151.33 and $848.67 should have gone to prepayment of
principal.  Id.  Plaintiff does not directly state why the amount
Defendants applied to principal was incorrect or what provision of
the agreement they violated by applying this amount.  On the face
of the complaint, the calculation appears to have been done in
compliance with Section 3(A) of the Note, which specifies the
amount of the initial interest-only payment.  To the extent that
Plaintiff intended to state that the interest-only payment should
have been lower because the August and September 2007 prepayments
should have reduced his outstanding principal, thereby lowering
the amount sufficient to pay the interest that accrued on the
unpaid principal of the loan, this is simply a restatement of the
allegation that Defendants breached the agreement by failing
properly to credit those prepayments, which Plaintiff has failed
to plead sufficiently as set forth above.  To the extent that
Plaintiff alleges that the calculation was done improperly for

14

some other reason, he does not state which provisions he alleges Defendants violated or how their crediting of his payments violated any particular provisions.  Plaintiff also does not plead sufficient facts as to how Defendants failed to calculate correctly or apply the other twenty prepayments and what provision they violated in doing so.

Accordingly, the Court GRANTS Defendants' motion to dismiss Plaintiff's breach of contract claim against Bank of America. Because Plaintiff has had an opportunity to correct the deficiencies in this claim, dismissal is without leave to amend.

II.   RESPA claim

In his RESPA claim, Plaintiff alleges that BAC Home Loan Servicing and ReconTrust failed to respond to his October 8, 2010 qualified written request for information, in which he sought information regarding the amount apparently owed on the loan and their authority in relation to a debt that had originated with Bank of America, in violation of 12 U.S.C. § 2605.  Defendants move to dismiss this claim in its entirety.

The Court grants the motion to dismiss this claim as to ReconTrust.  In Plaintiff's 1AC, he specifically stated asserted his RESPA claim against BAC Home Loan Servicing only.  1AC at 4:10-11 ("2nd Cause of Action Violation of RESPA against BAC Home Loan Servicing").  In granting Plaintiff leave to amend his RESPA claim, the Court gave permission to do so only against BAC Home Loan Servicing only and did not allow Plaintiff to raise new claims.  Id. at 9, 18.  Thus, Plaintiff was not permitted to assert a RESPA claim against ReconTrust in his 2AC.

United States District Court
For the Northern District of California

1    Defendants argue that the October 8, 2010 letter was sent to

2   ReconTrust and was not directed to BAC Home Loan Servicing, and

3   thus that this claim cannot be maintained against the latter based

4   on this letter.  Plaintiff responds that, even though the letter

5   was addressed to "ReconTrust c/o BAC Home Loan Servicing," he has

6   sufficiently stated a RESPA claim because BAC Home Loan Servicing

7   appears in the address of the letter and because he alleges in the

8   body of the 2AC that he sent the qualified written request to the

9   "proper entity."  Opp. at 7.  In his opposition, Plaintiff

10   explains that, sometime before October 2010, he had sent a prior

11   qualified written request to BAC Home Loan Servicing and that, in

12   response to the first letter, he received a response from

13   ReconTrust on October 1, 2010, a copy of which he attaches to his

14   brief.  Opp. at 7, Ex. A.[2]  In the October 1, 2010 letter,

15   ReconTrust provided a payment history for his account and a payoff

16   statement and stated that, if he had any information or

17   documentation indicating that the payoff calculation was

18   incorrect, he should send copies to ReconTrust, at the address on

19   the letter, as soon as possible.  Plaintiff states that this was

20   the address to which he sent the October 8 letter.  Plaintiff

21   argues that, because in response to his first written request, he

22   received a response from ReconTrust, was told to send concerns to

23   it and did so, his second written request was sent properly.

24   Plaintiff also suggests that, if sending his second request to

25

26   _____

27        [2] This letter is incorporated by reference into the 2AC.  <u>See</u>
     2AC ¶ 34 (referring to the letter dated October 1, 2010 that
     Plaintiff received from ReconTrust and some of the contents of
28   that letter).

ReconTrust did not count as a qualified written request, then BAC Home Loan Servicing did not properly respond to his first written request.

Plaintiff has failed to state a claim for violation of RESPA against BAC Home Loan Servicing because he does not plead that the October 8, 2010 letter was a qualified written request to that entity.  RESPA imposes duties upon a loan servicer when it "receives a qualified written request from the borrower."  12 U.S.C. § 2605(e)(1)(A).  Plaintiff has not sufficiently alleged that he sent BAC Home Loan Servicing such a request; instead, the letter attached to his pleading states that he sent the request to ReconTrust.  There is also no allegation that ReconTrust provided the request to BAC Home Loan Servicing, such that BAC Home Loan Servicing ever received it or had an opportunity to respond to it. Plaintiff suggests that the Court must consider his allegations that he sent the letter to "BAC Home Loan and ReconTrust" rather than what was written on the letter itself.  Although, on a motion to dismiss, the allegations in the complaint are to be taken as true, this does not apply when the allegations are contradicted by documents of which the Court may take judicial notice.  See Data Disc, Inc. v. Systems Technology Assocs., Inc., 557 F.2d 1280, 1284 (9th Cir. 1977) (court may not assume truth of allegations if they are contradicted by admissible evidence).  Also, although Plaintiff suggests that he could alternatively maintain a claim based on the earlier letter that he sent to BAC Home Loan Servicing, in the 2AC, Plaintiff has alleged a violation on the basis of BAC Home Loan Servicing's failure to respond properly to

United States District Court
For the Northern District of California

the October 8 letter and does not refer to any prior letter or purport to make a claim on the basis of such a letter.

    Accordingly, the Court GRANTS Defendants' motion to dismiss Plaintiff's RESPA claim.  Because Plaintiff has had an opportunity to correct the deficiencies in this claim, dismissal is without leave to amend.

CONCLUSION

    For the reasons set forth above, the Court GRANTS Defendants' motion to dismiss Plaintiff's 2AC (Docket No 63).  Because the Court grants Defendants' motion to dismiss and does not grant Plaintiff leave to amend, the <u>lis pendens</u> recorded on March 4, 2011 in the official records of the Contra Costa County Recorder as Document No. 2011-0048382-00 is EXPUNGED.

    The Clerk shall enter judgment and close the file. Defendants shall recover their costs from Plaintiff.

    IT IS SO ORDERED.


Dated: 2/19/2013

_____
CLAUDIA WILKEN
United States District Judge